UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-62318-DMM

**BRANDON FRENCIC,** individually and on behalf of all others similarly situated

    Plaintiff,

v.

**DYNAMIX SYSTEMS INTEGRATION, INC.**, a Florida corporation, and
**GREG G. WALKER**, individually,

    Defendants.

## PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REASONABLE EXPENSES OF LITIGATION

Plaintiff, BRANDON FRENCIC, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, request the entry of an Order awarding Plaintiff his reasonable attorneys' fees, costs and reasonable expenses of litigation as the prevailing party in this case, and states:

### AUTHORIZATION FOR AWARD

1. The Fair Labor Standards Act, 29 U.S.C. §216(b), authorizes an award of attorneys' fees to the prevailing plaintiff in any proceeding to enforce 29 U.S.C. §206 (minimum wage and overtime wages).

2. Plaintiff filed a Complaint [DE 1] to enforce the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

## ENTITLEMENT TO AWARD

3. The Defendants, as a negotiated term of settlement, stipulate to Plaintiff's entitled to attorney's fees.

4. Notwithstanding the above, a prevailing plaintiff's attorney's fee is mandatory. Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."); Kreager v. Soloman & Flanagan, P.A., 775 F. 2d 1541, 1542 (11th Cir. 1985); James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341 (S.D. Fla. 2007); Bernal v. All Am. Inv. Realty, Inc., 479 F. Supp. 2d 1291 (S.D. Fla. 2006).

5. A plaintiff who receives at least some relief on the merits of her claim is said to have prevailed. Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603-04 (2001) (citations omitted). Even an award of nominal damages satisfies this standard. Id. Furthermore, "[p]revailing Plaintiff, which may include Plaintiff who favorably settle their cases, are entitled to attorney's fees under the FLSA." Small v. Richard Wolf Medical Instruments Corp., 264 F. 3d 702, 707 (7th Cir. 2001) (citing, 29 U.S.C. § 216(b)) (other citations omitted); see also, The Ocean Conservancy, Inc. v. National Marine Fisheries Order Service, 2004 U. S. App. Lexis 16737, *8 (9th Cir. 2004) (post-*Buckhannon*, a party still prevails when it enters into a legally enforceable agreement with defendant) (additional citations omitted). Based upon the Judgment entered for Plaintiff, Plaintiff is the prevailing party and therefore entitled to recover his reasonable attorneys' fees and costs incurred in this action.

6. Neither Plaintiff nor Plaintiff's counsel should be forced to swallow expenses incurred as a result of Defendant ignoring this Court's instructions as well as the Federal Rules of Civil Procedure.

7. Pursuant to S.D. Fla. Local Rule 7.3(A), Plaintiff's Fee and Retainer Agreement with Militzok & Levy, P.A. provides the following terms:

Paragraph 2 of the Agreement provides:

> If the Firm is successful, you agree that the Firm will be compensated by any and all costs and attorneys' fees awarded by the Court or thirty-three percent (33%) of the total amount recovered on my behalf (including any court awarded attorneys' fee), whichever shall be the greater amount (hereinafter the "Fee"). In addition to the legal fees, the Firm is entitled to receive all court costs and expenses incurred in reference to this matter. Any and all such expenses incurred on behalf of the client(s) shall be deducted from client(s)' net proceeds of recovery, before deducting the attorneys fees from the gross recovery. Should the attorney's fees and costs be negotiated separately from the claim, then the Firm shall be entitled to that amount. The Fee shall be immediately earned by the Firm regardless of whether or not suit is filed on your behalf in this matter. By signing this Agreement, you agree to **assign all of your rights, title and interest to any and all attorney's fees and costs awarded to the Defendant(s) in this case, to your attorney, Militzok & Levy, P.A. By signing this Agreement you waive any claim to any attorney's fees award the Court may grant in this matter, which may include costs, interest and reasonable attorneys' fees.**

8. Paragraph 7 of the Agreement provides:

> The costs of investigation of your claims, expert witness fees, court costs, and other related litigation costs my attorneys incur shall be paid for or charged against any recovery by the client. The costs that shall be charged against the recovery shall be in addition to the attorneys' fees outlined above.

## AMOUNT OF ATTORNEY'S FEES

9. The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate. Adjustments to that fee may then be made as necessary in the particular case. Blum v.

Stenson, 465 U.S. 886, 888 (1984); Norman v. Housing Auth., 836 F. 2d 1292 (11th Cir. 1988).

## NUMBER OF HOURS REASONABLY EXPENDED

10. Counsel for prevailing Plaintiff should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter. Blanchard v. Bergeron, 489 U.S. 87, 91 (1989). Hours reasonably expended means work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue. Perkins v. Mobile Housing Authority, 847 F.2d 735, 738 (11th Cir.1988).

11. Attached to this Motion as Exhibit "A" is the Affidavit for Reasonable Attorney's Fees and Costs (hereinafter as the "Affidavit") and as Exhibit "B" a Fee Ledger in which Plaintiff's counsel verifies the instant Motion. The Affidavit shows that a total of 45.9 hours of time was spent litigating this case by Militzok & Levy, P.A. Sworn testimony by counsel regarding the hours incurred litigating this case is evidence of considerable weight of the time required and it must appear the time is obviously and convincingly excessive to reduce the hours. Perkins v. Mobile Housing Authority, 847 F.2d at 738 (11th Cir. 1988).

12. The prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award, Jonas v. Stack, 758 F.2d 567, 568 (11th Cir.1985).

## REASONABLE HOURLY RATE

13. Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be

          adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. Duckworth v. Whisenant, 97 F.3d 1393 (11th Cir. 1996); Norman, 836 F.2d at 1299.

14. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. Perkins, 847 F.2d at 737, n.1. The Court should also analyze the skills of organization, efficiency, knowledge of trial practice, knowledge of substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Norman, 836 F.2d at 1299.

15. Brian J. Militzok has been a member of this Court since 2009. Mr. Militzok is also admitted to the bar of the states of Florida, New York, and Connecticut. Mr. Militzok is a member of the United States District Court, Southern District of Florida; United States District Court, Middle District of Florida; United States District Court, Northern District of Florida; United States District Court, Southern District of New York, and United States District Court, Eastern District of Florida. He has successfully obtained relief for Plaintiff as lead counsel in FLSA matters since that time. As Mr. Militzok's practice concentrates on consumer protection and employment matters, he has worked as lead counsel on over 140 employment matters. Please see Declaration of Brian J. Militzok, Esq. attached hereto as Exhibit "A".

## TOTAL FEE AWARD

16. The total fee requested by Militzok & Levy, P.A. is $6,055.00 including costs.

## **LOCAL RULE 7.3 CERTIFICATION**

17. By executing this Motion, counsel for Plaintiff certifies, pursuant to Southern District of Florida Local Rule 7.3, that Brian J. Militzok, Esq. has fully reviewed the time records and supporting data in support of such Motion and this Motion is well granted in fact and justified. Counsel for Plaintiff has made the required good faith attempt to resolve this matter by contacting Defendants. Undersigned counsel represents that as of the filing of this Motion, the parties have been unable to agree upon the amount of Plaintiff's attorneys' fees and costs incurred through the date of this Motion.

18. By this Motion, Plaintiff seek the following award under 29 U.S.C.§216(b) for attorney's fees and costs of litigation in this case of $6,055.00 against Defendants, DYNAMIX SYSTEMS INTEGRATION, INC. and GREG WALKER, for:

   A. Fees of Militzok & Levy, P.A.: $12,622.50

   B. Costs of litigation: $425.00

DATED: June 18, 2012

        Respectfully submitted,

        MILITZOK & LEVY, P.A.
        The Yankee Clipper Law Center
        3230 Stirling Road, Suite 1
        Hollywood, Florida 33021
        Telephone: (954) 727-8570
        Facsimile: (954) 241-6857
        Email: bjm@mllawfl.com

        /s/ Brian J. Militzok
        Brian J. Militzok, Esq.
        Florida Bar No. 0069993
        *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Service List:

Christopher J. Whitelock, Esq.
Whitelock & Associates, P.A.
The Whitelock Law Building
300 Southeast Thirteenth Street
Suite D
Fort Lauderdale, Florida, 33316

/s/Brian J. Militzok
Brian J. Militzok