**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-62318-CIV-MIDDLEBROOKS**

BRANDON FRENCIC, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DYNAMIX SYSTEMS INTEGRATION, INC., a Florida Corporation, and GREG G. WALKER, individually,

Defendants.
_______________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REASONABLE EXPENSES OF LITIGATION**

THIS CAUSE comes before the Court upon Plaintiff Brandon Frencic's ("Plaintiff") Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation ("Motion") (DE 40), filed June 18, 2012. Defendants filed a Response (DE 41) on July 2, 2012, and Plaintiff filed a Reply (DE 42) on July 9, 2012. I have reviewed the matter and am fully advised in the premises.

## I. BACKGROUND

Plaintiff filed this FLSA action on October 27, 2011. (DE 1). Not long before trial, which was set for May 7, 2011, the Parties entered into a settlement agreement, and upon my approval of the settlement, I dismissed the action with prejudice. (*See* DE 39). The Parties were unable to reach an agreement as to attorney's fees and costs in their settlement agreement, so I retained jurisdiction to consider any motion for attorney's fees and costs. (*See id.*). Defendants did, however, agree that Plaintiff was entitled to fees, but the amount remains unstipulated.

## II. REASONABLE EXPENSES OF LITIGATION

29 U.S.C. § 216(b) provides that when an employer is found to have violated the FLSA, the Court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Court may tax as costs fees of the clerk, fees and disbursements for printing, and costs incurred in the issuance of the summons. 28 U.S.C. § 1920 (2012). Counsel for Plaintiff states that he incurred the following expenses: $350 for the clerk's filing fee and $75 for service of process. (DE 40-2 at 7). I find that the costs requested by counsel for Plaintiffs are reasonable and appropriate pursuant to 29 U.S.C. 216(b) and therefore award Plaintiff's counsel $425 for costs of the action.[1]

## III. ATTORNEY'S FEES

As I previously stated, the Court must allow a reasonable attorney's fee to be paid by the Defendant when it is found to have violated the FLSA. 29 U.S.C. §216(b) (2012). In order to determine whether the amount sought by Plaintiff is reasonable, I am bound to utilize the "lodestar" method, which was first articulated in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), and adopted by the Eleventh Circuit in *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In *Hensley*, the Supreme Court held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" because this calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* at 433. The party seeking an award of fees bears the burden of substantiating his fee and therefore must submit evidence supporting the hours worked and the hours claimed. *Johnson v. Univ. Coll. of Univ.*

---

[1]Defendants do not appear to contest the award of costs in their Response.

*of Ala. in Birmingham*, 706 F. 2d 1205, 1207 (11th Cir. 1983) (citing *Carr v. Blazer Fin. Servs., Inc.*, 598 F. 2d 1368, 1371 (5th Cir. 1979)).

**A. REASONABLE HOURLY RATE**

First, I must consider what is an appropriate hourly rate for Plaintiff's counsel to charge in this matter. Counsel for Plaintiff submitted an affidavit asking this Court to award him $275.00 per hour for the time he spent litigating this matter, which is his standard hourly rate. (DE 40-1 at ¶ 6). In support of his request, Plaintiff's counsel states that he has been a member of this Court since 2009 and has been lead counsel in over 140 employment law matters. (DE 40-1 at ¶¶ 2, 3). Moreover, Plaintiff's counsel has been barred in New York since 2007 and is the managing attorney for his firm's Employment Group. (*See* DE 42 at 5). Defendants contest this hourly rate, and argue that a rate of $150.00 per hour is more appropriate. (*See* DE 41 at 5-6).

An hourly rate is reasonable if it is in line with "the prevailing market rate in the relevant legal community for similar services" performed "by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F. 2d at 1299 (citations omitted). Having reviewed the arguments and submissions by the Parties, I find that an hourly rate of $250.00 is reasonable for Plaintiff's counsel's services.

**B. HOURS REASONABLY EXPENDED**

Next, I must determine whether the time expended by Plaintiffs' counsel is reasonable. When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940-41. The exhibit

delineating counsel's hours spent on this case indicates that Plaintiff's counsel spent 45.9 hours on this case. (DE 40-2 at 1-6). Defendants argue that many of the entries to Plaintiff's counsel's time sheet are "clearly excessive, redundant, or otherwise unnecessary." (DE 41 at 4). In support, Defendants attach their own spreadsheet that states their objections to each of Plaintiff's counsel's time expenditures. (*See* DE 41-1).

Having reviewed both Parties' arguments, I find that the hours expended by Plaintiff's counsel on this matter are reasonable. While 45 hours expended on a FLSA case may be above average for the nature of the claim, this case was prolonged by the lack of cooperation between counsel for both Parties, and was litigated up until the eve of trial. Defendants contend that many of the entries were duplicative or unnecessary, but I find this argument unavailing, as Defendants' counsel's lack of cooperation at times contributed to prolonging and complicating the litigation. Thus, I find that the reasonable hours expended by Plaintiff's counsel on this case is 45.9 hours for $12,622.50 in attorney's fees.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 40) is **GRANTED**. Defendants are instructed to pay Plaintiff's counsel **$425.00** for costs and **$12,622.50** for attorney's fees incurred in litigating this matter.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 31 day of October, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record